BACCHUS INDUSTRIES, INC., Appellant,

v.

FRONTIER MECHANICAL CONTRACTORS, Appellee.

No. 08–99–00025–CV.

Court of Appeals of Texas, El Paso.

Oct. 12, 2000.

Rehearing Overruled Nov. 29, 2000.

Daniel R. Malone, Malone Law Firm, P.C., El Paso, appellant.

Luther Jones, Jones & Georges, Ken Slavin, Brower & Slavin, El Paso, for appellee.

Before BARAJAS, C.J., LARSEN, and McCLURE, JJ.

### OPINION

BARAJAS, Chief Justice.

This is an appeal from a judgment following a bench trial in a breach of contract cause of action initiated by Bacchus Industries, Inc., ("Bacchus"), for the recovery of money withheld from payment. Frontier Mechanical Contractors from El Paso, ("Frontier"), filed a counterclaim for damages associated with the delivery of non-conforming goods. The trial court awarded Frontier $21,088.96 for breach of contract (60% of the amount Frontier withheld from payment), plus $54,650.55 in attorneys' fees, minus an offset of $35,-148.27—the amount Frontier withheld from its payment to Bacchus for the delivery of non-conforming goods. Bacchus now argues that it is the true prevailing party and thus should not be liable to Frontier for attorneys' fees. For reasons set forth below, we affirm in part, and we reverse and remand in part.

### I. SUMMARY OF THE EVIDENCE

In memorialization of a contractual agreement, Bacchus, a seller and manufacturer of air conditioning units, and Frontier, a subcontractor hired by a general contractor employed by El Paso Indepen-

dent School District to complete various public works contracts, executed a purchase order on April 2, 1992. Under that agreement, Bacchus promised to manufacture and deliver 181 air conditioning units to various schools located in the El Paso Independent School District. After delivering non-conforming units, Frontier notified Bacchus that Frontier refused to accept the delivery. Bacchus then promised Frontier that it would make the necessary repairs to the units. Bacchus was then permitted to leave the defective units at the project sites so that it could make the needed repairs. After Bacchus failed to make the necessary and promised repairs, Frontier repaired the units. After notifying Bacchus of its intentions, Frontier then withheld $35,148.27 from payment to Bacchus as damages related to Bacchus' breach.

Bacchus sued Frontier on December 30, 1993 for breach of contract. Bacchus alleged that after it properly delivered 181 air conditioners valued at $271,650, Frontier breached the contract when "Frontier failed to make timely progress payments."[1] In its first amended answer filed on July 13, 1995, Frontier asserted, as an affirmative defense, that "Defendants would show that the [sic] are entitled to set off against any claim by Plaintiffs a sum not less than $35,158.37, plus interest as provided by law, as backcharges owed by Plaintiff to Defendants in connection with the project which is the subject of this lawsuit." Frontier also alleged a counterclaim to recover attorneys' fees. On October 22, 1996, Frontier asserted a counterclaim against Bacchus for breach of contract, alleging damages in the amount of $35,158.37. Specifically, Frontier alleged that "Plaintiff repeatedly breached the agreement by delivering poor quality and non-conforming coolers and then by repeatedly failing to remedy the defective equipment.... As a result of Plaintiff's ... breaches ... Defendants suffered damages in the amount of $35,158.37 as well as attorneys fees in the defense of Plaintiff's claims...."

On October 23, 1998, after a bench trial, the trial court determined that Frontier did not breach the contract by withholding $35,148.27 from payment. The court also determined that Bacchus breached the contract by delivering non-conforming goods.[2] The court then assessed Frontier's damages at $21,088.96.[3] Additionally, because the court determined that Frontier successfully prosecuted its counterclaim, it awarded Frontier $54,650.55 for attorneys' fees. The court then subtracted $35,148.27 from Frontier's total award, noting, "Because amounts were appropriately withheld by Defendant, Frontier ..., from the purchase price of the air conditioning units, Plaintiff, Bacchus ..., is entitled to an offset of the judgment amount for the amounts withheld in the sum of $35,148.27." After the court subtracted the amount Frontier withheld from the damages award, it ordered Bacchus to pay Frontier the net sum of $40,591.24 for actual damages plus attorneys' fees.

After the judgment was entered, Bacchus filed a motion to correct or reform

1. Although Bacchus' original pleading indicates that the amount Frontier withheld from payment was $48,630.51, Bacchus concedes that subsequent payments have been received, reducing the amount it claims to be owed to $35,148.47.

2. With regard to Bacchus' breach of contract claim against Frontier, the court determined that "[Defendant] Frontier did not breach its contract with [Plaintiff] Bacchus [because] [u]nder section 2.709(a) of the *Texas Business and Commerce Code,* a seller is entitled to sue for a price 'when the buyer fails to pay the price *as it becomes due.*' [Emphasis added]. Because the agreed conditions of manufacture, sale, and delivery did not occur, Bacchus was not entitled to sue for the price. *Custom Controls Company v. Ranger Insurance,* 652 S.W.2d 449, 453 (Tex.App.—Houston [1st Dist] 1983, no writ)."

3. The court determined that Bacchus breached the agreement in three regards: (1) delivery of non-conforming goods; (2) failure to make timely delivery; and (3) failure to timely cure or repair substantial defects.

the judgment. Bacchus contended that the judgment was incorrect because "it treats the $35,148.47 *withheld* by Defendant from Plaintiff as an *offset to Plaintiff,* instead of *awarding to Plaintiff* the 40% difference in the proper amount of the backcharge found by the Court." Bacchus argued that the judgment should reflect that Bacchus was the prevailing party because the effect of the judgment was to permit it to recover $14,059.39 of the amount it claims was wrongfully withheld by Frontier. Bacchus further argued that because it is the true prevailing party, it, rather than Frontier, should have been awarded attorneys' fees. Bacchus' motion was subsequently overruled by operation of Tex.R.Civ.P. 329b(c).[4] Bacchus now brings this appeal.

## II. *DISCUSSION*

Bacchus raises six issues on appeal. The first four issues pertain to the propriety of the trial court's determination that in spite of the fact that it withheld an amount from payment which exceeded its actual damages, Frontier, rather than Bacchus, was nonetheless entitled to recover attorneys' fees as the prevailing party. More specifically, Bacchus argues that it, not Frontier, was entitled to recover attorneys' fees because the practical effect of the judgment was to enable Bacchus to recover $14,059.39 of the money it claims was owed. In issues number five and six, Bacchus argues that the statute of limitations barred Frontier's counterclaims, and that it was entitled to a free reporter's record.

### A. Was Bacchus the Prevailing Party Entitled to Attorneys' Fees?

In Issues Nos. One through Four, Bacchus argues that the trial court erred when it permitted Frontier to recover its attorneys' fees as the prevailing party. Essentially, Bacchus maintains that the trial court's findings of fact cannot support the determination that Frontier prevailed with respect to its counterclaim when the practical effect of the trial court's judgment is to require Frontier to return to Bacchus almost half of the amount of money it withheld from payment.[5] More precisely, Bacchus contends that because it sued Frontier for wrongfully withholding $35,148.47 (i.e., the amount Bacchus claimed was due under the contract), and because the trial court's ruling is tantamount to a declaration that Frontier was only entitled to withhold $21,098.08 as damages resulting from Bacchus's breach, the necessary implications of these findings are that Frontier breached the contract to the extent that it withheld any amount over $21,098.08. Thus, Bacchus argues that the trial court should have concluded that it was the prevailing party because Frontier breached the contract by withholding the difference between $35,148.47 (the amount actually withheld) and $21,098.09 (the amount it was entitled to withhold by virtue of Bacchus's breach). Thus, rather than awarding Frontier $21,098.09 (Frontier's actual damages), plus attorneys' fees (determined to be $54,650.55), minus $35,148.47 (the amount Frontier withheld), Bacchus contends that the trial court should have: (1) determined that Bacchus was the prevailing party in its suit to recover money wrongfully withheld; (2) awarded Bacchus $14,059.38 (the difference between the amount Frontier withheld and its actual damages); and (3) permitted Bacchus to recover attorneys' fees. Bacchus prays that we reverse the

4. Tex.R.Civ.P. 329b(c) states: "In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period."

5. Bacchus concedes that it is unable to challenge the sufficiency of the evidence with respect to the trial court's findings of facts because it failed to bring forth a reporters record. Therefore, Bacchus's appeal is limited to arguments pertaining to its contention that the trial court drew erroneous conclusions of law from its fact finding.

award of attorneys' fees in favor of Frontier, modify the judgment to reflect Bacchus as the prevailing party, and remand the cause back to the trial court for a correct calculation of its attorneys' fees.

Frontier counters by arguing that the trial court's determination that it was the prevailing party was correct because the mere fact that Frontier withheld an amount in excess of its actual damages does not mean that it breached the contract. Frontier contends that because it did not breach the contract, and because Bacchus did breach the contract by delivering non-conforming goods, Frontier did indeed successfully prosecute its counterclaim and was therefore entitled to recover its attorneys' fees. Frontier further reasons that "[e]ven if the damages suffered by Frontier were entirely offset by the amount it withheld from the price, Frontier is entitled to recover its attorney's fees under chapter 38." [6]

### 1. Standard of Review

 As a starting place, we note that "[w]hile the factual findings of the trial court are binding upon this Court, its conclusions of law are not likewise binding, and this Court is free to make its own legal conclusions." *Austin Hardwoods, Inc. v. Vanden Berghe,* 917 S.W.2d 320, 322 (Tex.App.—El Paso 1995, writ denied). We review the trial court's conclusions of law *de novo. See id.* at 322 (citing *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.

App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.)).

### 2. The Trial Court's Findings of Fact and Conclusions of Law

The trial court made the following relevant factual findings: (1) Bacchus failed to timely deliver the air conditioning units; (2) The units Bacchus delivered contained substantial defects; (3) Frontier timely notified Bacchus that it refused to accept the defective units; (4) Bacchus promised to make the necessary repairs to the units; (5) Bacchus failed to make such repairs; (6) Frontier repaired the units; (7) Frontier notified Bacchus of its intent to withhold $35,148.27 from payment as damages relating to the delivery of the defective units; (8) Frontier's actual damages attributable to Bacchus' breach totaled $21,088.96 "representing 60% of Defendant Frontier's back charge claim ($35;148.27) against Plaintiff Bacchus;" (9) Frontier's attorneys' fees up to the date of trial totaled $54,650.55. The trial court then concluded, *inter alia,* that (1) Bacchus breached the contract; (2) Frontier did not breach the contract by withholding an amount in excess of its actual damages because "a seller is entitled to sue for a price 'when the buyer fails to pay the price *as it becomes due,*'" and because "the agreed conditions of manufacture, sale, and delivery did not occur, Plaintiff Bacchus was not entitled to sue for the price;" [7] (3) "Defendant Frontier owes

---

**6.** Frontier makes reference to Chapter 38 of the Texas Civil Practice and Remedies Code. Section 38.001 states: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: (1) rendered services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or damaged freight or express; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written contract." Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1997).

**7.** The trial court cited (1) *Custom Controls Company v. Ranger Insurance,* 652 S.W.2d 449, 453 (Tex.App.—Houston [1st Dist.] 1983,

no writ), and (2) Tex.Bus. & Com.Code Ann. § 2.709(a)(Vernon 1994), in support of this proposition. Section 2.709(a) states: "When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price (1) of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer; and (2) of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing." Tex.Bus. & Com.Code Ann. § 2.709(a)(Vernon 1994).

nothing to Plaintiff Bacchus under its claim for payment of any balance allegedly due under the contract and owes nothing for attorney's fees sought by Plaintiff Bacchus;" (4) Defendant Frontier "was entitled to a 'charge back' and deduct the sum of $35,148.27, from the purchase price of the air conditioning units."

### 3. Relevant UCC Guidelines

Texas' adaptation of the Uniform Commercial Code, (UCC), clearly states: "When the buyer fails to pay the price *as it becomes due* the seller may recover, together with any incidental damages under the next section, the price (1) of goods accepted...." [Emphasis added]. TEX. BUS. & COM.CODE ANN. § 2.709(a)(Vernon 1994). The crucial inquiry with regard to the issue of whether money has "become due" is simply whether acceptance (without a valid subsequent revocation of acceptance) has occurred. *See* TEX.BUS. & COM. CODE ANN. § 2.709 cmt. 5 (Vernon 1994)(indicating that a valid revocation of acceptance "means that there has been a default by the seller which bars his rights under this section"). Under Section 2.606,

> Acceptance of goods occurs when the buyer ... fails to make an effective rejection (Subsection (a) of Section 2.602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.

TEX.BUS. & COM.CODE ANN. § 2.606(a)(2) and (a)(3)(Vernon 1994). In order to have an effective rejection, the "[r]ejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller." TEX.BUS. & COM.CODE ANN. § 2.602(a)(Vernon 1994). Acceptance may still occur even after a proper rejection has occurred. Indeed, "any action taken by the buyer, which is inconsistent with his claim that he has rejected the goods, constitutes an acceptance." TEX.BUS. & COM. CODE ANN. § 2.606 cmt. 4 (Vernon 1994). For example, in *Fiat Auto U.S.A., Inc. v. Hollums,* 185 Ga.App. 113, 363 S.E.2d 312 (1987), after accepting and then properly revoking his acceptance, a buyer of an automobile was held to have ultimately accepted the good when he attempted to sell it, paid taxes on it, had it painted, drove it extensively, etc. Under the UCC Section 2.606, the court held that the buyer's "continued use of the auto and the various acts of ownership he performed after the [letter he wrote revoking his initial acceptance] constituted, as a matter of law, the re-acceptance of the goods." *Id.* at 115, 363 S.E.2d at 315. Once acceptance of goods occurs, "[t]he buyer must pay at the contract rate for any goods accepted." Tex.Bus. & Com.Code Ann. § 2.607(a) (Vernon 1994). If the goods are non-conforming, a buyer is not left without a means of recovery for damages associated with the seller's breach.

> Where the buyer has accepted goods and given notification [that the seller breached by delivering non-conforming goods] he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.

Tex.Bus. & Com.Code Ann. § 2.714(a)(Vernon 1994). Section 2.714(c) also allows a buyer to recover for incidental and consequential damages under Section 2.715.[8] *See* TEX.BUS. & COM.CODE ANN.

---

8. Section 2.715, entitled "Buyer's Incidental and Consequential Damages," states: "Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach. Consequential damages resulting from the seller's breach include any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had rea-

§ 2.714(c)(Vernon 1994). If the buyer has not paid the entire balance owed for the accepted goods, all or part of the *damages* suffered by the buyer may be withheld from payment upon proper notification to the seller. [Emphasis added]. *See* Tex. Bus. & Com.Code Ann. § 2.717 (Vernon 1994).

### 4. Application of UCC to Facts

■ Under these rules, in determining whether Bacchus had a viable cause of action for the contract price, the successful prosecution of which would facilitate the recovery of attorneys' fees under Tex.Civ. Prac. & Rem.Code Ann. § 38.001 (Vernon 1997), we must determine whether Frontier became obligated to pay for the defective units (i.e., we must determine whether Frontier accepted the defective units). In its findings of fact, the trial court stated that "Plaintiff Bacchus was advised ... of Defendant Frontier's refusal to accept the defective goods because the units did not comply with the plans and specifications promulgated by the El Paso Independent School District." This finding would certainly indicate that Frontier did not accept the goods, and therefore did not become liable for the contract price. The court went on to find, however, that "Defendant Frontier made substantial repairs and modifications to the air conditioning units in order to comply with the plans and specifications promulgated by the El Paso Independent School District." Under the standards mentioned in the preceding section, Frontier's post-rejection conduct clearly constitutes acts inconsistent with the seller's (Bacchus's) ownership. Therefore, Frontier clearly accepted the goods and, accordingly, became liable for the contract price. *See* Tex.Bus. & Com.Code

Ann. § 2.607 (Vernon 1994). The trial court therefore erred in concluding that Bacchus did not have a viable cause of action for recovery of the contract price.

In determining that Bacchus was not entitled to recover any portion of the withheld payments, the trial court erroneously applied the common law notion that the seller's breach excused the contractual obligations of the buyer. Indeed, in its conclusions of law, the trial court stated, "Because the agreed conditions of manufacture, sale, and delivery did not occur, Plaintiff Bacchus was not entitled to sue for the price." Although this statement would be correct if Frontier had not accepted the goods,[9] as noted above, Frontier's acceptance triggered the duty to pay the agreed upon price, thus giving rise to a valid cause of action for such price.[10]

■ Having determined that the trial court erroneously concluded that Bacchus could not, as a matter of law, prevail on a breach of contract cause of action, we are now in a posture to address the focal point of Bacchus's appeal—that it was the true prevailing party, and, as such, should have been awarded attorneys' fees. The trial court made the factual determination that the goods Frontier accepted were "not in accordance with the plans and specifications promulgated by the El Paso Independent School District." The delivery of the non-conforming goods triggered Frontier's right to withhold from the purchase price (for which it became fully liable upon acceptance) "all or any part of the *damages* resulting from any breach of the contract." [Emphasis added]. Tex.Bus. & Com.Code Ann. § 2.717 (Vernon 1994). The trial court determined that the total damages suffered by Frontier amounted to

son to know and which could not reasonably be prevented by cover or otherwise; and injury to person or property proximately resulting from any breach of warranty." Tex.Bus. & Com.Code Ann. § 2.715(a) and (b)(Vernon 1994).

9. Tex.Bus. & Com.Code Ann. § 2.602(3)(Vernon 1994) provides that "the buyer has no

further obligations with regard to goods rightfully rejected."

10. Furthermore, in a case such as this, the common law notion of "excuse" is generally not applicable. *See Glenn Thurman, Inc. v. Moore Construction, Inc.,* 942 S.W.2d 768, 772–73 (Tex.App.—Tyler 1997, no writ).

$21.088.96. The trial court also determined that Frontier withheld $35,148.27 from the purchase price. Because Frontier was only permitted to withhold from the purchase price its actual damages, any additional amount withheld by Frontier was wrongfully withheld because, as explained above, upon acceptance of goods, a buyer is liable for the purchase price minus its damages.

Therefore, Bacchus should have been declared to be a prevailing party in the amount of $14,059.39 (the difference between the amount Frontier withheld from payment and Frontier's actual damages) plus attorney's fees in accordance with TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997).[11]

■ Bacchus also challenges the award of attorneys' fees in favor Frontier. The trial court awarded Frontier $54,650.55 for attorneys' fees under Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1997), which provides: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." In order to recover attorneys fees under this statute, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green International, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997). Here, Frontier prevailed on its counterclaim or offset in the amount of $21,088.96. Thus, the trial court did not err by awarding Frontier reasonable attorneys' fees.

## B. Statute of Limitations

■ In Point of Error No. Five, Bacchus argues that Frontier's counterclaim for money withheld for damages associated with the delivery of non-conforming goods was barred by the four year statute of limitation set by TEX.BUS. & COM.CODE ANN. § 2.725 (Vernon 1994). We disagree. As noted above, in its First Amended Answer filed on July 13, 1995 (prior to the expiration of the four year limitations period), Frontier alleged, as an affirmative defense, that it was entitled to an offset in the amount of $35,158.37. Then, on October 22, 1996, Frontier amended its petition and included the counterclaim of which Bacchus now complains. TEX.CIV .PRAC. & REM. CODE ANN. § 16.068 (Vernon 1997), states:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Because the counterclaim relates to the affirmative defense Frontier raised in its First Amended Answer, we believe the counterclaim was timely filed. We overrule Bacchus's Point of Error No. Five.

Having determined that Bacchus was entitled to attorneys' fees, we reform the judgment to reflect Bacchus as recovering

11. In determining that Frontier did not breach the contract by withholding an amount in excess of its damages from payment due, the trial court relied on *Custom Controls Co. v. Ranger Ins.*, 652 S.W.2d 449, 453 (Tex.App.—Houston [1st Dist.] 1983, no writ). That case is readily distinguishable from this case, however. In that case, a manufacturer of well-heads sued its insurance carrier for recovery of losses associated with the destruction of four well-heads which were being manufactured for a customer. The well-heads were destroyed prior to the delivery and acceptance by the buyer. The issue in the case was whether the manufacturer could recover the cash value or sale price of the well-heads under a provision in the insurance agreement dealing with sold property. The Court determined that the manufacturer could not avail itself under that particular provision because the property was destroyed prior to any delivery to and acceptance by the buyer. Here, Bacchus manufactured and delivered the goods; and Frontier accepted the goods. Therefore, we cannot conclude, as did the Houston Court of Appeals, that a sale never took place.

587

$14,059.39 of the $35,148.47 withheld from payment. We reverse the judgment to the extent that it disallowed Bacchus to recover its reasonable attorneys' fees, and we remand that issue back to the trial court for a determination of such fees. We affirm the judgment in all other respects.[12]

**12.** We need not address Bacchus's final argument in which it requests a free reporters record because Bacchus asserted the argument only in the event that "the Court of Appeals cannot rule of [sic] Plaintiff's [other] grounds of error because there is no Reporter's Record."