**Affirmed in part, Reversed and Remanded in part, and Memorandum Opinion filed June 30, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00240-CV

---

## BRANT OILFIELD MANAGEMENT AND SALES, INC., Appellant

## V.

## MOUNTWEST, INC., Appellee

---

### On Appeal from the 127th District Court
### Harris County, Texas
### Trial Court Cause No. 2013-30681

---

## M E M O R A N D U M   O P I N I O N

Appellant Brant Oilfield Management and Sales, Inc. appeals the trial court's judgment in favor of appellee Mountwest, Inc. on a contract dispute. After a bench trial, the court awarded Mountwest most of the balance on the contract, as well as attorney's fees. On appeal, Brant challenges the legal and factual sufficiency of the evidence supporting no finding of an offset or price reduction, and the legal and factual sufficiency of the evidence supporting the award of

attorney's fees. As a preliminary matter, Mountwest asserts that this court lacks subject matter jurisdiction because Brant did not timely file its notice of appeal. We affirm the portion of the judgment awarding contract damages of $43,180 and $6,264.05 in prejudgment interest, and reverse and remand for a redetermination of reasonable and necessary attorney's fees.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 2010, Brant entered into negotiations with Mountwest to purchase bored bars and stabilizer forgings, two types of steel products used in oil drilling operations. The companies exchanged several emails in an attempt to finalize a purchase order. In June 2010, they reached an agreement and Brant picked up the steel products from Mountwest's stockyard.

At trial, Brant and Mountwest presented competing versions of the purchase orders, and they disputed which were the originals. Brant submitted purchase orders that included a notation indicating the products should be made from European steel. Mountwest submitted purchase orders that had no notation of the required origin of the steel.

The total contract price for the steel products was $68,862. Brant made one payment to Mountwest for $25,000. Mountwest contended that Brant owed the full balance of $43,862. Brant claimed that it contracted for stabilizer forgings made from European steel but received Chinese steel, which is of a lower value, and therefore, Brant did not owe the full balance.

At trial, David Ayers, a partner in trial counsel Scott Raynes' law firm, testified about the reasonableness and necessity of the attorney's fees claimed by Mountwest. Redacted billing statements from Raynes and from trial co-counsel Daniel Ellwood were also admitted.

In addition to reviewing the redacted billing statements, Ayers testified he had been practicing law in Houston for over twenty years, was familiar with the rules regarding attorney's fees, and had spoken to Raynes and Ellwood generally about the case and trial preparation. Ayers also stated that Ellwood developed the facts by reviewing emails. Ayers testified that Raynes also reviewed documents, performed standard written discovery, and took the sole deposition. Both Ellwood and Raynes prepared for and tried the case.

On December 17, 2014, the trial court issued a final judgment awarding Mountwest $43,180 on the contract (presumably, the total balance for the stabilizer forgings excluding the remaining balance of $682 on the bored bars), $6,264.05 in prejudgment interest, and $25,000 in attorney's fees for prosecution of the case through trial. The court also awarded conditional attorney's fees for any appeal. Although both parties submitted proposed findings of fact and conclusions of law before trial, and Mountwest submitted proposed findings and conclusions after trial, the court did not file any findings of fact or conclusions of law.

Two days later, on December 19, Brant filed a motion entitled "Defendant's Objections to Judgment." Brant challenged the trial court's awarding any prejudgment interest and, in the alternative, requested that the court award interest only on the contract amounts Brant admitted it owed. The December 19th motion also challenged the sufficiency of the evidence supporting the award of attorney's fees.

On January 19, 2015, Brant filed a motion for new trial. This motion was untimely, filed more than thirty days after the final judgment was signed. *See* Tex. R. Civ. P. 329b(a). On January 22, Brant filed a "Motion to Redesignate Filing Captioned 'Objections to Judgment' to Motion for New Trial" under Texas Rule of Civil Procedure 71. *See* Tex. R. Civ. P. 71 (allowing for redesignation when a

party mistakenly designates a pleading). Mountwest filed a "Response to Defendant's Various Post-Verdict Motions."

On February 18, the trial court held a hearing and signed an order redesignating the December 19th motion as a motion for new trial and denying the motion as such. On March 13, 2015, Brant filed its notice of appeal.

## II. SUBJECT MATTER JURISDICTION

As a preliminary matter, we address Mountwest's claim that this court lacks subject matter jurisdiction. Brant claims the trial court improperly redesignated "Defendant's Objections to Judgment" as a motion for new trial, which extended Brant's time to file a notice of appeal from thirty days to ninety days. *See* Tex. R. App. P. 26.1. Brant filed its notice of appeal within ninety days, but not within thirty days.

Texas Rule of Appellate Procedure 26.1 states that "notice of appeal must be filed within [thirty] days after the judgment is signed," except in specifically enumerated circumstances. *Id.* If there is a motion for new trial or a motion to modify the judgment, the deadline to file a notice of appeal extends to within ninety days after the judgment is signed. *Id.* If the December 19th motion was a deadline-extending motion under rule 26.1, then Brant's notice of appeal was timely filed and this court has subject matter jurisdiction to decide the merits. *See id.*; Tex. R. Civ. P. 329b. If not, then the notice of appeal was filed after the trial court's plenary power had expired, and we do not have subject matter jurisdiction. *See* Tex. R. App. P. 26.1; Tex. R. Civ. P. 329b.

In determining the nature of a motion, we look to the "substance of the relief sought despite the formal styling of the pleading." *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam) (citing *State Bar of*

4

*Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980)); *see* Tex. R. Civ. P. 71. Any motion which assails the trial court's judgment, meaning if granted there would be a substantive change in the judgment entered, is a deadline-extending motion. *See Ryland*, 355 S.W.3d at 666; *Gomez v. Tex. Dep't of Criminal Justice, Institutional Div.*, 896 S.W.2d 176, 177 (Tex. 1995) (per curiam). The December 19th motion did not request a new trial, but it did request that the trial court substantively modify its awards of prejudgment interest and of attorney's fees. Further, by raising the sufficiency of the evidence supporting the award of attorney's fees, the motion "assailed" the trial court's judgment. *See Ryland*, 355 S.W.3d at 666; *Gomez*, 896 S.W.2d at 176–77.

Although the motion may have been more properly redesignated as a motion to modify the judgment, such a motion extends the appellate deadline in the same manner as a motion for new trial. *See* Tex. R. Civ. P. 329b(g). Therefore, whether redesignated as a motion for new trial or a motion to modify the judgment, the December 19th motion was a timely-filed, deadline-extending motion. *See* Tex. R. App. P. 26.1; Tex. R. Civ. P. 329b(g). Because Brant filed a deadline-extending motion within thirty days of the final judgment, the deadline to file its notice of appeal was extended. *See* Tex. R. App. P. 26.1(a). Because Brant filed its notice of appeal within ninety days of the final judgment, this court has subject matter jurisdiction. *See id.*; Tex. R. Civ. P. 329b(g).

## III. STANDARD OF REVIEW

Where the trial court does not file findings of fact, we imply all findings necessary to the court's judgment, if supported by the record. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Where appropriate, an appellant may challenge implied findings by contesting the legal and factual sufficiency of the evidence in the

5

record to support them. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *Vickery*, 5 S.W.3d at 258. We apply the same standards of review as those applied to the review of jury findings or a trial court's findings of fact. *Vickery*, 5 S.W.3d at 258. We uphold the judgment on any legal theory supported by the pleadings and evidence. *See Rosemond v. Al–Lahiq*, 331 S.W.3d 764, 767 (Tex. 2011) (per curiam).

When an appellant presents multiple grounds for reversal of a judgment on appeal, we must first address those issues that would afford the greatest relief. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) (per curiam). We therefore first consider Brant's challenges to the trial court's finding of no offset or price reduction.

## IV.   OFFSET/PRICE REDUCTION

On appeal, Brant does not challenge that it owed Mountwest on the contract for the stabilizer forgings. Instead, Brant argues that there is no legally or factually sufficient evidence to support the trial court's alleged finding of no offset or contract price reduction. We do not reach these issues because Brant failed to request findings and therefore waived these issues on appeal. *See Vickery*, 5 S.W.3d at 255 ("If the trial court should find for the plaintiff, the defendant must request findings on his affirmative defense or waive it on appeal.").

The right to an offset or reduction in contract price is an affirmative defense. *See Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 936 (Tex. 1980); *Rauscher Pierce Refsnes, Inc. v. Great Sw. Sav., F.A.*, 923 S.W.2d 112, 117 (Tex. App.—Houston [14th Dist.] 1996, no writ). Therefore, Brant bore the burden to plead and prove an offset or price reduction at trial. *See* Tex. R. Civ. P. 94; *Brown*, 601 S.W.2d at 936; *Rauscher Pierce Refsnes*, 923 S.W.2d at 117. However, Brant

did not plead offset in its original answer or its first amended original answer. Nor does Brant argue that the parties tried the defense by consent. Even assuming, without deciding, that the parties tried the defense by consent, Brant did not request or propose that the trial court make any findings related to the defense of offset or price reduction. As a result, Brant waived these issues.[1] *See Vickery*, 5 S.W.3d at 255.

We overrule these issues.

## V.     ATTORNEY'S FEES

Brant also challenges the legal and factual sufficiency of the evidence supporting the award of attorney's fees. Under section 38.001 of the Texas Civil Practice and Remedies Code, a prevailing party may recover reasonable attorney's fees on a contract claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2014). Here, Mountwest had the burden to prove its fees and that the fees were reasonable and necessary. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991).

---

[1] Brant also argues that Mountwest should not recover the full amount on the contract because Mountwest breached its warranty under section 2.714 of the Texas Business and Commerce Code to supply European steel. Brant had the burden to plead and prove any counterclaim for breach of warranty, including with regard to the proper measure of damages for any alleged nonconformity. *See Neuman v. Spector Wrecking & Salvage Co., Inc.*, 490 S.W.2d 875, 878 (Tex. Civ. App.—Beaumont 1973, no writ) (plaintiff failed to plead or prove recovery under section 2.714); *see also Chrysler Corp. v. Schuenemann*, 618 S.W.2d 799, 805 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) (plaintiff has burden to produce sufficient evidence to support findings of elements of proper measure of damages under section 2.714). Brant, however, did not file a counterclaim for breach of warranty. Moreover, even assuming without deciding that Brant's amended answer could be construed as pleading a cause of action for breach of warranty, Brant failed to request any findings supporting the proper measure of damages due to any nonconformity (here, an offset or reduction in the purchase price). We conclude that Brant did not preserve this issue. *See Vickery*, 5 S.W.3d at 255; *see also Bacchus Indus., Inc. v. Frontier Mech. Contractors*, 36 S.W.3d 579, 586 (Tex. App.—El Paso 2000, no pet.) (in limitations context, relating counterclaim of money withheld for damages associated with delivery of nonconforming goods to affirmative defense of price offset).

Brant asserts that Ayers' expert testimony is conclusory and amounts to no evidence because it was based on redacted or "blank" billing statements of other attorneys. Mountwest responds that the evidence supporting its fee award "comports with the recent line of attorney fees decisions by the Texas Supreme Court," citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012), and *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (per curiam).

When a party applies for an award of attorney's fees under the lodestar method by multiplying hours worked by a reasonable hourly fee,[2] as did Mountwest, it bears the burden of documenting the hours expended on the litigation and the value of those hours. *El Apple*, 370 S.W.3d at 761. The proof should include the nature of the work, who performed the services and his rate, approximately when the services were performed, and the number of hours worked. *Id.* at 763. This proof may not be based on generalities, and requires enough specific details of who performed which tasks when and at what rate so that the trial court has sufficient information to meaningfully review the fee request. *Long*, 442 S.W.3d at 255. The *El Apple* standard applies to chapter 38 cases. *Id.*; *Auz v. Cisneros*, 477 S.W.3d 355, 359–60 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Assuming without deciding that Ayers' testimony was not conclusory, he did not offer sufficient details as to what tasks were performed by Raynes and Ellwood, how much time each category of tasks required, and whether that time

---

[2] Under the lodestar method, the determination of what constitutes a reasonable attorney's fee involves two steps. First, the court must determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar. The court may then adjust the base lodestar up or down (apply a multiplier), if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case. *El Apple*, 370 S.W.3d at 760.

was reasonable. Ayers testified as follows:

> Q. Okay. And then also to save you the math on going through those—the [billing statements] and adding them up, the sum total of . . . Mr. Ellwood's fee bills . . . adds up to $12,475.
>
> A. That squares with my memory.
>
> Q. And the sum total for my fee bills in [the billing statements] adds up to $9,754?
>
> A. Correct.
>
> Q. And so just the total for those two is $22,229.53?
>
> A. I trust your math, yes, sir.
>
> Q. And adding in the [$]10,400, do you agree that we get to a total of $32,629?
>
> A. That sounds about right, yes, sir.
>
> Q. Mr. Ayers, do you have an opinion on whether that amount, $32,629, is reasonable and necessary for the prosecution of this case?
>
> A. It's my opinion that it is reasonable and necessary for pursuing the case, yes, sir.

Ayers also testified that Ellwood spent "a lot of time . . . looking at the e-mails and cobbling together a basic set of the facts," and that Raynes "reviewed documents and did written discovery." Ayers testified that he did not know specifics for each of the entries on the billing statements, but that he knew generally what the attorneys did. He further testified that, although he had an understanding of the discovery done in the case, he had "not taken the time to do a deep dive and review those things."

The billing statements referred to by Ayers had been redacted to remove the entire narrative. Although the statements identified the case, the billing attorney, the dates, the number of hours, and the billing rates,[3] they did not provide the

---

[3] Ellwood's hourly rate was not expressly stated but is easily calculated to be $240 an hour.

required specificity as to the nature of the tasks performed by each attorney. Therefore, because no legally sufficient evidence supports the amount of attorney's fees the trial court awarded, we sustain Brant's challenge, and we reverse and remand for a redetermination of fees. *See Long*, 442 S.W.3d at 256; *El Apple*, 370 S.W.3d at 764.[4]

## VI. CONCLUSION

We reverse the portion of the trial court's judgment awarding Mountwest $25,000 in attorney's fees and remand for a redetermination of attorney's fees due to Mountwest consistent with this opinion. In all other respects, we affirm the trial court's judgment.

/s/     Marc W. Brown
Justice

Panel consists of Justices Jamison, Donovan, and Brown.

---

[4] Accordingly, we decline Brant's request to render a take-nothing judgment or to grant any remittitur of attorney's fees. Moreover, we need not reach Brant's factual sufficiency issue. *See* Tex. R. App. P. 47.1.